UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>CORNELIUS IKPEMGBE,<br>an individual,</td><td></td></tr>
<tr><td></td><td>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>9/15/2021__</u></td></tr>
</table>

Petitioner,

-against-                                    18 Civ. 1027 (AT) (DCF)

THE PEOPLE OF THE STATE OF NEW YORK,                    **ORDER**

Respondent.

ANALISA TORRES, United States District Judge:

In December 2017, Petitioner *pro se*, Cornelius Ikpemgbe, commenced this habeas

corpus proceeding pursuant to 28 U.S.C. § 2254, while he was incarcerated at Five Points

Correctional Facility, in Romulus, New York.  Pet., ECF No. 1.  On June 7, 2018, Respondent

timely filed a motion to dismiss the petition.  ECF No. 12.  Petitioner, however, did not file a

reply within 30 days—or at any point thereafter.  In the three years since, the Court has received

no further submissions from Petitioner.  Further, it is the Court's understanding that Petitioner

was first transferred to Coxsackie Correctional Facility ("Coxsackie"), in Coxsackie, New York,

ECF No. 13 at 1, and was then released on parole—[1]but Petitioner has failed to keep the Court

apprised of his current address.  Currently, the Court does not know where Petitioner resides.  On

August 5, 2021, the Court issued an order directing Petitioner to show cause by August 31, 2021,

as to why the Court should not dismiss the petition without prejudice for failure to prosecute,

pursuant to Federal Rule of Civil Procedure 41(b).  ECF No. 15.  Petitioner has failed to respond.

Under Rule 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to

comply with [the federal rules] or a court order."  Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's*

*Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also

---

[1] *See Inmate Lookup*, N.Y. State Dep't of Corr. & Cmty. Supervision,
http://nysdoccslookup.doccs ny.gov/GCA00P00/WIQ3/WINQ130 (last accessed Sept. 15, 2021).

gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to

prosecute.").  In evaluating whether dismissal is appropriate, courts are to consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted).

A habeas petitioner, like any plaintiff in a civil case, has a general obligation to prosecute

his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b) for

failure to prosecute.  *See, e.g.*, *Smith v. Griffen*, No. 15 Civ. 622, 2017 WL 4466453, at *2–3

(S.D.N.Y. Aug. 31, 2017) ("[C]ourts in in this district routinely dismiss *pro se* § 2254 habeas

actions for failure to prosecute where, as here, petitioner fails to participate in the action or meet

his obligation to provide the Court and respondent with updated contact information after being

released from custody."), *report and recommendation adopted*, No. 15 Civ. 622, 2017 WL

4477062 (Oct. 5, 2017).

In this action, all of the relevant factors weigh in favor of dismissal of Petitioner's habeas

claims.  First, as to the duration of the delay, the Court has heard nothing from Petitioner about

this matter for the three years that it has been pending in this district.  *See Smith*, 2017 WL

4466453, at *3 (noting that petitioner's failure to participate in the action for over two years

weighed in favor of dismissal).  Second, Petitioner was expressly cautioned that he would not be

able to proceed with the action if he failed to provide his contact information to the Court, ECF

No. 13 ¶ 3, and specifically warned of the likelihood of dismissal, ECF No. 15.  Third, to the

extent Petitioner "has unreasonably delayed, prejudice to [Respondent] may be presumed."

*Blake v. Payane*, No. 8 Civ. 930, 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011).  Fourth, as

to docket management, "it is not an efficient use of the Court's . . . resources to permit this case

to languish on the docket in the hope that Petitioner will reappear in the future."  *Id*. (quotation

marks, citation, and brackets omitted).  Finally, where the Court has "no way of communicating"

with Petitioner, it is difficult to see how a lesser sanction than dismissal would be effective.

*Smith*, 2017 WL 4466453, at *3 (citation omitted)

Even standing alone, Petitioner's failure to keep the Court apprised of his current contact

information would justify dismissal of his Petition without prejudice.  "Courts have repeatedly

recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively

disappears by failing to provide a current address where he or she can be reached."  *Grace v.*

*New York*, No. 10 Civ. 3853, 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (collecting

cases), *report and recommendation adopted*, No. 10 Civ. 3853, 2010 WL 4026060 (Oct. 14,

2010).  And specifically, a *pro se* prisoner's failure to provide the court with a new mailing

address after his release from custody has regularly been held to be an adequate ground for a

Rule 41(b) dismissal.  *See Smith*, 2017 WL 4466453, at *2 (collecting cases).

Accordingly, the petition is DISMISSED without prejudice.  The Clerk of Court is directed to mail a copy of this order to Petitioner, at both addresses shown below, which, to this Court's knowledge, are his last-known addresses.  If Respondent is aware of any other address at which Petitioner may be reached, then Respondent is directed to mail a copy of this order to Petitioner at that address, and to file proof of such mailing on the docket.  The Clerk of Court is further directed to close the case.

SO ORDERED.

Dated:  September 15, 2021
        New York, New York

_____
ANALISA TORRES
United States District Judge

Copies to:

Mr. Cornelius Ikpemgbe
15-A-1208
Five Points Correctional Facility
Box 119
Romulus, NY 14541

Mr. Cornelius Ikpemgbe
15-A-1208
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051-0999